Esmira MAMMADOVA; Tengiz Ramiz Oglu Mammadov, Petitioners

v.

ATTORNEY GENERAL OF the UNITED STATES; Secretary of Department of Homeland Security, Respondent.

No. 07-3407.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 34.1(a) Sept. 11, 2008.

Filed: Oct. 6, 2008.

Michael S. Henry, Esq., Philadelphia, PA, for Petitioners.

Aliza B. Alyeshmerni, Esq., Richard M. Evans, Esq., Allen W. Hausman, Esq., Kathleen J. Kelly, Esq., Virginia M. Lum,

Esq., United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: McKEE, SMITH and WEIS, Circuit Judges.

## OPINION

McKEE, Circuit Judge:

Esmira Mammadova and Tengiz Ramiz Oglu Mammadov ("Petitioners") petition for review of a final order of removal issued by the Board of Immigration Appeals on July 17, 2007. Because substantial evidence supports the Board's conclusion that Petitioners failed to establish that their experiences rose to the level of persecution or that their fear of future persecution is objectively reasonable, we will deny the petition.[1]

### I.

Inasmuch as we write primarily for the parties who are familiar with this case, we need not repeat the factual or procedural background. Petitioners argue that the Board "engaged in its own fact-finding" and in doing so, failed to use the proper "clearly erroneous" standard of review applicable to such factual findings. They misunderstand the Board's opinion. The Board concluded that their experiences, whether considered individually or cumulatively, did not rise to the level of "persecution" required for relief. In doing so, the Board applied the correct legal standard to the facts of the case, and made its own judgment about whether the record supported a finding of "past persecution" or a "well-founded fear of future persecution."

The Board's negative conclusion is supported by substantial evidence in the record. Applying our deferential standard of review, we conclude that the record does not clearly compel the conclusion that the difficulties and harassment Petitioners faced in Azerbaijan rise to the level of persecution. The "concept of persecution does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional." *Fatin v. INS*, 12 F.3d 1233, 1240 (3d Cir.1993). Furthermore, we find no error in the Board's conclusion that the corroborating evidence of country conditions did not establish "an objectively reasonable well-founded fear of return to Azerbaijan."

### II.

Because Petitioners failed to meet the asylum eligibility standard, they cannot meet the more rigid withholding of removal standard. *Janusiak v. INS*, 947 F.2d 46, 46–48 (3d Cir.1991). Furthermore, Petitioners do not challenge the Board's conclusion that they are not eligible for relief under the United Nations Convention Against Torture, and it is clear that the record would not support such a claim.

Accordingly, we will deny their petition for review.

---

1. We have jurisdiction under 8 U.S.C. § 1252(a)(1). Where the Board provides its own analysis rather than adopting the IJ's decision as its own, we review the BIA's decision. *See Abdulai v. Ashcroft*, 239 F.3d 542, 545 (3d Cir.2001). We uphold the agency's determination if its conclusions are supported by "reasonable, substantial and probative evidence on the record considered as a whole" and will reverse "only if there is evidence so compelling that no reasonable factfinder could conclude as the [agency] did." *Mulanga v. Ashcroft*, 349 F.3d 123, 131 (3d Cir. 2003).